Filed: 4/1/2015 8:07:40 PM
Rhonda Hughey
District Clerk
Kaufman County, Texas
Susan Cook Mendoza

CAUSE NO. 92658-CC

| | | |
|---|---|---|
| ANGELA GLIDEWELL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | KAUFMAN COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY OF INDIANA and CHAD DAVIS, | § | |
| | § | |
| Defendants. | § | 191ST JUDICIAL DISTRICT |

**DEFENDANTS SAFECO INSURANCE COMPANY OF INDIANA'S AND CHAD DAVIS'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendants Safeco Insurance Company of Indiana ("Safeco") and Chad Davis (collectively, the "Defendants") file this Answer to Plaintiff's Original Petition as follows:

**I.**

**PLEA IN ABATEMENT**

In the Original Petition, Plaintiff seeks damages from Defendants pursuant to Chapter 541 of the TEXAS INSURANCE CODE and Chapter 17 of the TEXAS BUSINESS AND COMMERCE CODE. However, Plaintiff failed to comply with the requirements of § 17.505(a) of the TEXAS BUSINESS AND COMMERCE CODE and § 541.154 of the TEXAS INSURANCE CODE, in that she did not given written notice to Defendants at least sixty (60) days before the filing of her suit, advising Defendants in reasonable detail of Plaintiff's specific complaint and the amount of her economic damages and expenses, including attorneys' fees, if any. Rather, Plaintiff served such notice on March 9, 2015.

Accordingly, and pursuant to § 17.505(c) of the TEXAS BUSINESS AND COMMERCE CODE and § 541.155 of the TEXAS INSURANCE CODE, Defendants hereby file this Plea in Abatement, and request that this suit be abated until the sixtieth day after the date Plaintiff served written notice on Defendants in compliance with § 17.505(a) of the TEXAS BUSINESS AND COMMERCE CODE and § 541.154 of the TEXAS INSURANCE CODE, or until May 8, 2015.

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION**                                                                PAGE 1

EXHIBIT C-2

Because this Plea in Abatement is verified and alleges that Defendants did not receive the written notice as required by § 17.505(a) of the TEXAS BUSINESS AND COMMERCE CODE and § 541.154 of the TEXAS INSURANCE CODE, this suit will be automatically abated without the order of the Court beginning on the 11th day after the date this Plea in Abatement is filed unless the same is controverted by an affidavit filed before such 11th day.  TEX. BUS. & COMM. CODE § 17.505(a); TEX. INS. CODE § 541.155.

## II.

## GENERAL DENIAL

Subject to such stipulations and admissions as may be made hereafter, Defendants hereby enter this general denial pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE. Defendants deny all and singular, each and every allegation contained in Plaintiff's Original Petition and request that Plaintiff be required to prove all charges and allegations against Defendants by a preponderance of the evidence as required by Texas law.

## III.

## SPECIFIC DENIAL

Defendants specifically deny that "[a]ll conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant."  Plaintiff's Original Petition, ¶ 28.  Rather, Plaintiff has failed to establish a covered loss in excess of the Policy's deductible. Further, and as set forth above, Plaintiff failed to comply with the requirements of section 541.154 of the TEXAS INSURANCE CODE and section 17.505(a) of the TEXAS BUSINESS AND COMMERCE CODE in that she did not provide written notice to Defendants at least sixty (60) days before the filing of her suit advising Defendants in reasonable detail of Plaintiff's specific complaint and the amount of her alleged economic damages and expenses, including attorneys' fees, if any.

IV.

## SPECIAL EXCEPTIONS

Defendants specially except to Plaintiff's Original Petition because it contains vague and conclusory statements and fails to provide Defendants with adequate notice of the specific factual allegations against it in the case, preventing Defendants from properly preparing their defenses. More specifically, Plaintiff's Original Petition fails to describe in any detail the factual basis for the purported claims for breach of contract, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing. Defendants respectfully request that Plaintiff be required to replead, stating with specificity the precise factual allegations upon which Plaintiff bases his claims against Defendants. Should Plaintiff fail to so replead, Defendants request that Plaintiff's claims be stricken.

V.

## DEFENSES

Pleading further in the alternative, if necessary, Defendants would further show the following:

1. Plaintiff's claims are barred, in whole or in part, by the terms and conditions set forth in Plaintiff's insurance policy with Safeco (the "Policy"), along with endorsements thereto, all of which are expressly incorporated by reference as if set forth fully herein.

2. Without limiting the foregoing, Plaintiff's claims are barred, in whole or in part, by the following terms and conditions in the Policy:

> ***PROPERTY LOSSES WE DO NOT COVER***
>
> *We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of the cause of loss or any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.*
>
> *...*

  *15.*  ***Weather*** *that contributes in any way with a cause or event excluded in this section to produce a loss. However, any ensuing loss not excluded is covered.*

  *16.*  ***Planning, Construction or Maintenance****, meaning faulty, inadequate or defective:*

    *a.*  *planning, zoning, development, surveying, siting;*

    *b.*  *design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*

    *c.*  *materials used in repair, construction, renovation or remodeling; or*

    *d.*  *maintenance;*

*of property whether on or off the* ***insured location*** *by any person or organization. However, any ensuing loss not excluded is covered.*

  3.  Plaintiff's extra-contractual claims are barred, in whole or in part, because there exists a *bona fide* dispute regarding coverage under the Policy.

  4.  Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

  5.  Plaintiff's claims are barred because any damages, injuries, or losses were caused by persons or parties for whom Defendants are not responsible.

  6.  Section 41.008 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE applies to restrict and limit Plaintiff's claims for exemplary damages and Defendants intend to invoke the damage cap if exemplary damages are awarded.

  7.  Section 41.007 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE bars Plaintiff from recovering pre-judgment interest on any award of exemplary damages.

  8.  In the event of recovery of damages from Defendants, any award of pre- and/or post-judgment interest is limited by the applicable provisions of the TEXAS FINANCE CODE.

  9.  Defendants hereby reserve the right to add additional defenses as may become known to them during the course of discovery.

---

## VI.
## RESERVATION OF RIGHT TO DEMAND APPRAISAL

Defendant Safeco reserves its right to demand appraisal pursuant to the terms and conditions of the Policy, and the filing of this Answer, or any other act performed by Defendants in the defense of this lawsuit, should not be deemed as a waiver of such right.

## VII.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendants Safeco Insurance Company of Indiana and Chad Davis request that Plaintiff take nothing by this suit; that Defendants recover all costs; and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545
DANIEL C. SCOTT
State Bar No. 24051316

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail: mark.tillman@tb-llp.com
E-mail: colin.batchelor@tb-llp.com
E-mail: dan.scott@tb-llp.com

**ATTORNEYS FOR DEFENDANTS SAFECO INSURANCE COMPANY OF INDIANA AND CHAD DAVIS**

| **CERTIFICATE OF SERVICE** |
|---|

In accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on the 1st day of April 2015, a true and correct copy of the above and foregoing instrument was served *via facsimile or electronic service* upon:

Richard D. Daly
TBA 00796429
John Scott Black
TBA 24012292
Ana M. Ene
TBA No. 24076368
William X. King
TBA 24072496
DALY & BLACK, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098
(713) 655-1405 (Telephone)
(713) 655-1587 (Facsimile)Daly & Bkack
rdaly@dalyblack.com
jblack@dalyblack.com
aene@dalyblack.com
wking@dalyblack.com

**ATTORNEYS FOR PLAINTIFF
ANGELA GLIDWELL**


*/s/ Mark D. Tillman*
MARK D. TILLMAN

**VERIFICATION**

STATE OF TEXAS           §
                         §
COUNTY OF DALLAS         §

Before me, the undersigned authority, on this day personally appeared Mark D. Tillman, who, being by me duly sworn, upon his oath, deposes and states that he is over the age of eighteen (18), is of sound mind, is an attorney with Tillman Batchelor LLP, counsel of record for Defendant Safeco Insurance Company of Indiana and Chad Davis has reviewed Defendants' Plea in Abatement and Original Answer, and that, based upon his review of the claim file and the insurance policy made the subject matter of Plaintiff's Original Complaint, verifies that the statements contained in Defendants' Plea in Abatement and Original Answer are within his personal knowledge and are true and correct.

_____
MARK D. TILLMAN

SUBSCRIBED AND SWORN TO BEFORE ME this 1st day of April, 2015, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

Notary Public State of Texas
Diane Marie Ferguson
My Commission Expires
December 22, 2015

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION**                              **PAGE 7**