UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA GLIDEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:15-CV-1099-G |
| SAFECO INSURANCE COMPANY OF | ) | |
| INDIANA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions of the defendants Safeco Insurance Company of Indiana ("Safeco") and Chad Davis ("Davis") to dismiss Davis for improper joinder (docket entry 6), and the plaintiff Angela Glidewell ("Glidewell") to remand this case to the state court from which it was previously removed (docket entry 11). For the reasons stated below, the motion to remand is granted, and the motion to dismiss is denied.

## I. BACKGROUND

This case arises from the alleged mishandling of Glidewell's insurance claim for damage to her home caused by a hailstorm in October 2014. *See* Plaintiff's Original

Petition ("Petition") ¶¶ 8-13, *attached to* Defendants' Notice of Removal and Motion to Dismiss Defendant Chad Davis for Improper Joinder ("Notice") (docket entry 1). Following the storm, Glidewell filed an insurance claim under a property insurance policy (the "policy") issued by Safeco. *Id.* ¶ 9. Safeco assigned Davis, an individual adjuster, to investigate, inspect, and prepare a report on the claim. *Id.* ¶ 11.

Glidewell alleges that Davis improperly adjusted the claim on the damaged property by conducting a "substandard investigation and inspection." *Id.* Davis allegedly failed to report all of the damage he observed during the inspection and "undervalued the damages." *Id.* Glidewell further alleges that Davis's misrepresentations led Safeco to underpay on the insurance claim. *Id.* ¶ 12. In sum, Glidewell asserts that "Safeco and Davis performed an outcome-oriented investigation, . . . result[ing] in a biased, unfair, and inequitable evaluation" of Glidewell's property losses. *Id.* ¶ 13.

On March 9, 2015, Glidewell filed this suit against Safeco and Davis in the County Court at Law of Kaufman County, Texas, to recover damages resulting from the mishandling of her insurance claim and for unfair settlement practices. *See* Petition ¶¶ 3-5. On April 10, 2015, the defendants removed the case to this court based on diversity of citizenship, arguing that Glidewell improperly joined Davis, a Texas citizen, to defeat diversity jurisdiction. *See* Notice at 2-3. On April 30, 2015, Glidewell moved to remand this case to the state court, arguing that removal was

improper because the parties lack complete diversity of citizenship.  *See* Plaintiff

Angela Glidewell's Motion to Remand and Brief in Support ("Motion") (docket entry

11).

Glidewell does not dispute that the amount in controversy exceeds $75,000.

*See generally* Motion.  Therefore, the only issue before the court is whether Davis was

properly joined as a defendant.

## II.  ANALYSIS

### A.  Legal Standard

#### 1.  *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State

court of which the district courts of the United States have original jurisdiction."  28

U.S.C. § 1441(a).  The statute allows a defendant to "remove a state court action to

federal court only if the action could have originally been filed in federal court."

*Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).  However, the

removal statute must be strictly construed because "removal jurisdiction raises

significant federalism concerns."  *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164

(5th Cir. 1988); see also *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008).

Therefore, "any doubts concerning removal must be resolved against removal and in

favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line*

*Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also

*Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941).  The party

seeking removal bears the burden of establishing federal jurisdiction.  *Willy*, 855 F.2d

at 1164.

There are two principal bases upon which a district court may exercise removal

jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete

diversity of citizenship among the parties.  *See* 28 U.S.C. § 1332.  Here, the removing

defendants have alleged only diversity of citizenship as a basis for this court's

jurisdiction.  *See* Notice at 1.  The court can properly exercise jurisdiction on the basis

of diversity of citizenship after removal only if three requirements are met:  (1) the

parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the

properly joined defendants is a citizen of the state in which the case is brought, *see* 28

U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than

$75,000, *see* 28 U.S.C. § 1332(a).  In this case, both Glidewell and Davis are citizens

of Texas.  *See* Petition ¶ 1; Notice at 3.  However, the defendants contend that

removal is proper because Davis was improperly joined in this suit.  Notice at 1.

## 2.  *Improper Joinder*

Even if a defendant has the same citizenship as the plaintiff, a federal court can

still exercise removal jurisdiction over an action if the court finds that the plaintiff

improperly joined the non-diverse defendant.  The Fifth Circuit has recognized two

grounds on which a court can find that a defendant was improperly joined:

- 4 -

"'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005)).

Only the latter ground is at issue here. To satisfy the second ground for improper joinder, the defendants must demonstrate that "there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (emphasis added).

When applying this test, the court does not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim [against the in-state defendant], but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)). Furthermore, the party seeking removal bears the heavy burden of proving that joinder was improper. *Smallwood*, 385 F.3d at 574. This burden requires the trial court to resolve all "contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The

court can only deny the plaintiff's motion for remand if, as a matter of law, there is

absolutely no possibility that the plaintiff can state a valid claim against the non-

diverse defendant in state court.  See *B., Inc.*, 663 F.2d at 554.  If the defendants

cannot prove improper joinder, remand is mandated.  *Smallwood*, 385 F.3d at 575.

To determine whether the plaintiff is unable to establish a cause of action

against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type

analysis, looking initially at the allegations of the complaint to determine whether the

complaint states a claim under state law against the in-state defendant."  *Id*. at 573.

If the complaint survives the analysis, there is generally no improper joinder.  *Id*.

The Fifth Circuit's use of the phrase "Rule 12(b)(6)-type analysis" does not

indicate that this inquiry requires application of the federal motion to dismiss

standard detailed in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In fact, "[t]he majority of courts have held

that a federal court should not look to the federal standard for pleading . . . to

determine whether the state-court petition provides a reasonable basis for predicting

that the plaintiff could recover against the in-state defendant at least when . . . the

state pleading standard is more lenient."  *Edwea, Inc. v. Allstate Insurance Company*,

Civil Action No. H-10-2970, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010)

(citing, *e.g.*, *Warren v. State Farm Mutual Automobile Insurance Company*, Civil Action

No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008)

(Fitzwater, C.J.) ("Because state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of [the plaintiff's] complaint under Texas' notice-pleading standard.")).  In *Akerblom v. Ezra Holdings Limited*, 509 Fed. Appx. 340, 344-345 (5th Cir. 2013), the Fifth Circuit endorsed the *Edwea* approach by applying Texas' notice pleading requirements when conducting an improper joinder analysis.  *Id*. at 344-345.  Applying the state pleading standard in these circumstances is "[t]he more logical choice . . . because 'the purpose of a fraudulent joinder analysis is to determine whether a state court might permit a plaintiff to proceed with his claims . . ..'"  *DNJ Logistic Group, Inc. v. DHL Express (USA), Inc.*, 727 F. Supp. 2d 160, 165 (E.D. N.Y. 2010) (quoting *Kuperstein v. Hoffman-La Roche, Inc.*, 457 F. Supp. 2d 467, 471-72 (S.D. N.Y. 2006)).  Furthermore, "the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands."  *Henderson v. Washington National Insurance Company*, 454 F.3d 1278, 1284 (11th Cir. 2006).  Thus, Texas' fair notice pleading standard applies.

### 3. *Pleading Standard under Texas Law*

Rules 45 and 47 of the Texas Rules of Civil Procedure detail the pleading standard under Texas law.  In relevant part, Rule 45 requires a complaint to "consist

of a statement in plain and concise language of the plaintiff's cause of action. . . . That an allegation be evidentiary or be of legal conclusion shall not be grounds for an objection when fair notice to the opponent is given by the allegations as a whole." TEX. R. CIV. P. 45(b). Rule 47 reiterates the essential element of Texas' pleading regime: the text of the complaint must be "sufficient to give fair notice of the claim involved." *Id.* 47(a). A party satisfies this pleading standard if "an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony that would probably be relevant." *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App.--Eastland 2004, no pet.). This standard does "not require that the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." *Paramount Pipe & Supply Company, Inc. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988) (citing *Edwards Feed Mill v. Johnson*, 158 Tex. 313 (1958)).

### 4.  *Liability under Texas Insurance Code*

Glidewell contends that Davis, an individual adjuster, violated various sections of Chapter 541 of the Texas Insurance Code and the Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COMM. CODE ANN. § 17.41, *et seq*. *See* Petition ¶¶ 18-24. Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code, *see* TEX. INS. CODE § 541.002(2), and the Texas Supreme Court has "specifically held that '[t]he business of insurance includes the

investigation and adjustment of claims and losses.'" *Centaurus Unity v. Lexington Insurance Company*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011) (Lake, J.) (quoting *Vail v. Texas Farm Bureau Mutual Insurance Company*, 754 S.W.2d 129, 132 (Tex. 1998)) (other citation omitted).  The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business of insurance and is subject to the Texas Insurance Code.  *Id.* (citing *Gasch v. Hartford Indemnity Company*, 491 F.3d 278, 282 (5th Cir. 2007)).  Moreover, the Fifth Circuit has held that independent adjusters may be found liable.  *Id.* (collecting cases holding that individual adjusters are subject to the Texas Insurance Code).  Furthermore, the Texas Insurance Code allows an insured to file a claim through its tie-in statute, *see* Tex. Ins. Code Ann. § 541.151(2), for deceptive acts or practices listed in Section 17.46(b) of the DTPA, *see* TEX. BUS. & COM. CODE § 17.46(b).  *Id.* at 787-88.

## B.  Application of Law to the Present Dispute

Because Texas law recognizes claims against adjusters like Davis in their individual capacities, the relevant inquiry is whether Glidewell has properly stated a claim against Davis for his conduct as an individual adjuster.  In making this determination, the question before the court is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Davis, the non-diverse, in-state defendant, for violations of Chapter 541 of the Texas Insurance Code or the DTPA.  See *Smallwood*, 385 F.3d at 573.  The court need not

decide whether Glidewell has sufficiently pleaded each cause of action; rather, if the court finds a reasonable basis to predict she can potentially recover on any of these causes of action, the court must remand the entire case. *Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.").

The court finds that Glidewell has pleaded a potentially valid claim for relief against Davis under the Texas Insurance Code. Glidewell's petition identifies Davis as the insurance adjuster and specifically alleges that he violated § 541.060 (a)(1) by "misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue." Petition ¶ 20(1). Although Glidewell recites the statutory provision, "a near-verbatim recitation . . . does not preclude the possibility of recovering" against the adjuster so long as the plaintiff has also alleged sufficient facts describing actionable conduct by the adjuster. *Hernandez v. Stillwater Insurance Company*, No. 3:14-CV-1560-G, 2014 WL 3700577, at *3 (N.D. Tex. July 25, 2014) (Fish, J.). By alleging that Davis performed specific acts, including conducting a substandard investigation, failing to include in his report all of the damages noted during his inspection, undervaluing the damages he observed during the inspection, and performing an

outcome-oriented investigation, all of which led to the underpayment of Glidewell's claim and an inequitable evaluation of Glidewell's losses, Glidewell has sufficiently stated her claim that Davis misrepresented the amount of damage to her property, a material fact related to the coverage at issue.  See *Rodriguez v. Standard Guaranty Insurance Company*, No. H-10-3065, 2010 WL 4877774, at *6 (S.D. Tex. Nov, 23, 2010) ("remanding where allegations 'resembl[ing] mere formulaic recitations of certain provisions of the Texas Insurance Code' were 'clarified and explained by' other allegations in plaintiffs' petition specifically directed at the non-diverse defendant"); *Warren v. State Farm Mutual Automobile Insurance Company*, No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, J.) (holding that factual allegations largely mirroring statutory language are sufficient to state a claim against the insurance adjuster individually); see also *Ross v. Nationwide Property & Casualty Insurance Company*, No. H-12-3495, 2013 WL 1290225, at *3 (S.D. Tex. Mar. 26, 2013); *Cardona v. ASI Lloyds*, No. 3:14-CV-3736-G, 2015 WL 93470, at *6 (N.D. Tex. Jan. 6, 2015) (Fish, J.).  Furthermore, the allegations clearly distinguish between Davis and Safeco, leaving no question that Davis, rather than Safeco, allegedly performed these acts.

Moreover, the court respectfully disagrees with the proposition that the alleged misrepresentation for a violation of § 541.060(a)(1) "must be about the details of a policy, not the facts giving rise to a claim for coverage" as set out in *Messersmith v.*

*Nationwide Mutual Fire Insurance Company*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)

(Solis, J.).  This court finds such a reading unduly narrows the scope of the provision,

as it renders the term "material fact" in § 541.060(a)(1) superfluous.  Moreover,

numerous cases have found allegations similar to those here sufficient to state a claim

under this provision.  See, *e.g.*, *Palma v. Allstate Texas Lloyd's*, No. 7:13-CV-575, 2014

WL 66867, at *2 (S.D. Tex. Jan. 8, 2014); *Cardona*, 2015 WL 93470, at *1-3; *Ross*,

2013 WL 1290225, at *3 (S.D. Tex. Mar. 26, 2013) (allegations that adjuster

"mishandled the claim by misrepresenting 'the cause of, scope of, and cost to repair

the damage to [plaintiff's] property'; misrepresenting the amount of loss; and

misrepresenting the insurance coverage for the loss . . . could, if proven true, establish

[adjuster's] liability" for misrepresenting material facts about the coverage at issue

under Tex. Ins. Code. § 541.060(a)(1)); *Stewart v. Nationwide Property & Casualty*

*Insurance Company*, No. H-10-3021, 2011 WL 4592256, at *5 (S.D. Tex. Sept. 29,

2011) (allegations that adjuster inadequately inspected property, omitted damages in

report, and undervalued damages constituted misrepresentations of material facts

about the coverage at issue under Tex. Ins. Code § 541.060(a)(1)).

Moreover, even if a misrepresentation of a policy provision is ultimately

required to succeed on this claim, Texas pleading standards do not require a plaintiff's

petition to contain such a heightened level of specificity at this stage.  Parties are not

"required by any law or rule authorizing or regulating any particular action or

defense" to include all of a claim's elements in their pleadings.  *See* TEX. R. CIV. P. 45(c).

Because Glidewell has asserted a potentially valid claim against Davis, Davis has been properly joined.[*]  Davis's status as a Texas citizen for purposes of 28 U.S.C. § 1332 destroys diversity jurisdiction and therefore requires the court to remand the action.  *See* 28 U.S.C. § 1447(c).

## III.  <u>CONCLUSION</u>

For the reasons stated above, the defendants' motion to dismiss is **DENIED**, and the plaintiff's motion to remand is **GRANTED**.  Accordingly, this case is **REMANDED** to the **County Court at Law of Kaufman County, Texas**.  The clerk shall mail a certified copy of this order to the district clerk of Kaufman County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

August 13, 2015.

A. Joe Fish

**A. JOE FISH**
**Senior United States District Judge**

---

[*]     While Glidewell asserts other causes of action against Davis, the court expresses no opinion on the validity of these claims because it has already found that Glidewell has stated a potentially valid claim against Davis under § 541.060(a)(1) of the Texas Insurance Code.